NO. 07-04-0037-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 2, 2004



______________________________




DONALD S. BRYANT , JR., IND. AND AS TRUSTEE 


OF THE BRYANT FAMILY TRUST, APPELLANT



V.



FIRST REPUBLIC BANK AND JAE K. JUNG, APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-520,479; HONORABLE J. BLAIR CHERRY, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER


 Appellant Donald S. Bryant, Jr., Individually and as Trustee of the Bryant Family
Trust, has filed a Motion to Dismiss Appeal as to Appellee Jae K. Jung, on February 10,
2004. Appellant indicates he no longer wishes to appeal the trial court's Order granting the
Special Appearance of Appellee Jae K. Jung. This motion is unopposed by appellees.


 The Motion to Dismiss Appeal is granted and the appeal is hereby dismissed with
regard to Jae K. Jung. Tex. R. App. P. 42.1. 


 

 Per Curiam






/P>

 Accordingly, we now abate this appeal and remand the cause to the 108th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; 

 3. whether counsel has been appointed to prosecute this appeal;

 4. if counsel has not been appointed, whether appellant is entitled to appointed 
 counsel; and

 5. whether the appellant is entitled to the preparation of a free clerk's record. 

The trial court shall cause the hearing to be transcribed. Furthermore, the trial court shall
execute findings of fact and conclusions of law addressing the aforementioned issues and
disclosing the name, address, state bar number, and telephone and fax numbers of
counsel appointed, if any. The district court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders of the district court issued as a result of its hearing on this matter, and 2) a
reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall cause the supplemental
clerk's record to be filed with the clerk of this court on or before March 18, 2002. Should 

further time be needed by the trial court to perform these tasks, then same must be
requested before March 14, 2002. 

 It is so ordered. 

 Per Curiam 

 Do not publish.